UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

```
                               *
IN THE MATTER OF NORTHWESTERN   *
TRADING CO., INC.,              *
                               *       Civil No. 96-1857(PG)
          Debtor               *      (Bktcy. No. 93-0029(SEK))
                               *
-------------------------------*
```

## OPINION AND ORDER

The matter before the Court is the U.S. Trustee's appeal from
(1) the opinion and order entered by the U.S. Bankruptcy Court on May
1, 1996, denying the trustee's objection to debtor's application for
a Final Decree and (2) from the Final Decree entered on May 2, 1996,
closing the case.

## Background

In 1995 the U.S. Bankruptcy Court entered an order confirming
Northwestern   Trading   Co.,   Inc.'s   (Northwestern)   Plan   of
Reorganization in the Chapter 11 case.  On March 4, 1996, debtor,
Northwestern, filed an Application for Final Decree.  The U.S.
Trustee filed an objection to debtor's application on the ground that
Northwestern owed post-confirmation quarterly fees required by the
1996 amendments to 28 U.S.C. § 1930(a)(6).  The bankruptcy court
denied the trustee's objections and entered a Final Decree closing
the case.

## Discussion

From the date of filing through confirmation of the Chapter 11
case, section 1930(a)(6) provided:

Civ. No. 96-1857(PG)                                                    2.

> In addition to the filing fee paid to the clerk, a
> quarterly fee shall be paid to the United States trustee,
> for deposit in the Treasury, in each case under Chapter 11
> of title 11 for each quarter (including any fraction
> thereof) until a plan is confirmed or the case is converted
> or dismissed, whichever occurs first.

On January 26, 1996, Congress amended section 1930(a)(6) by striking out the language providing that the fees would accrue until a plan is confirmed so that the statute now reads that the fees should be paid "until the case is converted or dismissed, whichever occurs first." Pub. L. No. 104-91, § 101(a), 110 Stat. 7 (1996) and Pub. L. No. 104-99, § 211, 110 Stat. 26 (1996).

On September 30, 1996, Congress again amended section 1930 in order to clarify whether the amendment to 28 U.S.C. § 1930(a)(6) was intended to be retroactive. The September 1996 amendment provides: "notwithstanding any other provision of law, the fees under 28 U.S.C. 1930(a)(6) shall accrue and be payable from and after January 27, 1996, in all cases (including without limitations any cases pending as of that date), regardless of confirmation status of their plans."

The bankruptcy court ruled that under the express language of section 1930(a)(6) the debtor did not owe the trustee any fees because the case was neither converted or dismissed, instead it was closed by Final Decree upon completion of the Plan.

Various circuit courts have entertained the issue as to whether U.S. Trustee's fees accrue under section 1930 when a reorganization plan is confirmed and the case is thereafter neither converted or

Civ. No. 96-1857(PG)                                                3.

dismissed but is closed by a final decree.  All cases agree that the legislative scheme requiring payment of fees until the case is "converted or dismissed, whichever occurs first," should be read so as to add "or closed."  See U.S. Trustee v. Gryphon At Stone Mansion, Inc., 166 F.3d 1552, 554 n.1 (3rd Cir. 1999); Vergos v. Gregg's Enterprises, Inc., 159 F.3d 989, 990-93 (6th Cir.1998); In Re C.F. & I. Fabricators of Utah, Inc., 150 F.3d 1233 (10th Cir. 1998); see also, In re Postconfirmation Fees, 224 B.R. 793, 798 (E.D.Wash. 1998); In re A.H. Robbins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D.Va. 1998); Walton v. Ser-Com, Inc., 217 B.R. 303 (M.D.Fla. 1997); In re 1095 Commonwealth Ave. Corp., 213 B.R. 794 (D.Mass. 1997).

The Court agrees with the reasoning espoused in the above named opinions and therefore holds that trustee's fees are due pursuant to 28 U.S.C. § 1930(a)(6), as amended by Public Law 104-99, and clarified pursuant to Public Law 104-208, from January 27, 1996, through May 2, 1996, when the Final Decree was entered.

In view of the above, the Court **REVERSES** the U.S. Bankruptcy Court's Opinion and Order of May 1, 1996, and the Final Decree of May 2, 1996 and **REMANDS** the case to the U.S. Bankruptcy Court for determination of the fees due to the U.S. Trustee.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August _27_, 1999.

JUAN M. PEREZ-GIMENEZ
U. S. District Judge

sc : OB
Bankruptcy Court

AO 72A
(Rev.8/82)